**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LVI FACILITY SERVICES INC.** | § | |
| | § | |
| **Plaintiff/Counter-Defendant** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1-12-CV-00672-LY** |
| | § | |
| **WATSON ROAD HOLDING,** | § | |
| **CORPORATION d/b/a STUART B.** | § | |
| **MILLNER & ASSOCIATES** | § | |
| | § | |
| **Defendant/Counter-Plaintiff.** | § | |
| | § | |

## PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL

PLAINTIFF/COUNTER-DEFENDANT, LVI FACILITY SERVICES INC. (hereinafter "LVI") pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, moves the Court to compel Defendant/Counter-Plaintiff Watson Road Holding, Corporation d/b/a Stuart B. Millner & Associates (hereinafter "SBMA") to comply with its discovery obligations and provide responses and produce documents it is withholding from LVI.

1.    On January 16, 2014 LVI served its First Request for Production of Documents and First Set of Interrogatories to SBMA.

2.    On February 24, 2014, SBMA served it Objections and Responses to Plaintiff's First Request for Production of Documents and its Answers and Objections to Plaintiff's First Set of Interrogatories.

3.    The following responses were deficient and/or asserted invalid objections:

    a.    **Request for Production No. 62 and Request for Production No. 64**

Although certain documents were produced, SBMA has refused to produce documents in response to Plaintiff's First Request for Production No. 62 which requests all materials identifying the location of the proceeds SBMA received from the liquidation of the Assets and No. 64 which requests all bank records including without limitation bank statements, deposits and withdrawal slips and checks regarding the proceeds SBMA received from the liquidation of the Assets.  Assets are defined in said discovery requests as "the items to be liquidated by SBMA pursuant to the December 1, 2011 Auction/Liquidation Contract between SBMA and LVI".

SBMA's identical response to Plaintiff's Request for Production Nos. 62 and 64 is that "SBMA objects to this request as being overly broad, unduly burdensome and calling for the production of irrelevant information that is not likely to lead to the discovery of admissible evidence.  Subject to the foregoing objections, see documents produced".   However, materials that would identify the location of the proceeds, bank records, bank statements, deposits and withdrawal slips and checks have not been produced.  See SBMA's production responses, which are fully incorporated herein and attached hereto as Exhibit "A" (SBMA's responses to Nos. 62 and 64 are located on p. 19).

Materials identifying the location of the proceeds, bank statements, deposits and withdrawal slips and checks regarding the proceeds SBMA received from the liquidation of assets and the particular bank account in which the proceeds have been placed and maintained are relevant to LVI's breach of contract and breach of fiduciary claims against SBMA and therefore discoverable.   Per contract and its role as a fiduciary SBMA is obligated to place and keep the proceeds in a trust account for the benefit of LVI and provide LVI

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL – PAGE 2

with information regarding the location and balance of trust account. Banking records and the complete identification of the trust account number will enable LVI to determine and show whether SBMA complied and continues to comply with the contractual and fiduciary obligations it owes to LVI.

Plaintiff's Request for Production Nos. 62 and 64 are not overly broad or unduly burdensome. Both requests are narrowly tailored to the proceeds SBMA collected for the asset liquidated pursuant to the December 1, 2011 Auction/Liquidation Contract between SBMA and LVI and the particular trust account into which SBMA deposited and maintains said proceeds. The materials being requested are easily obtainable either from SBMA files or from its bank.

**b.     Interrogatory No. 1**

In response to Plaintiff's Interrogatory No. 1, which requests that SBMA identify the bank(s) and the bank account(s) in which the proceeds from the liquidation of the Assets have been kept from April 2012 to the present, SBMA refuses to provide the complete account number of the trust account into which the proceeds have been placed and maintained.

SBMA's response to Interrogatory No. 1 identifies the bank where the proceeds have been placed and maintained, but only identifies the last four digits of the bank account (6444). See SBMA's interrogatory responses, which are fully incorporated herein and attached hereto as Exhibit "B" (SBMA's response to Interrogatory No. 1 is located on p. 3).

**c.     Interrogatory No. 16**

In response to Plaintiff's Interrogatory No. 16, which requests that SBMA identify all documents that SBMA relied upon to prepare the 48-page Asset Investment Recovery & Total Plant Deactivation Proposal for the Holly Street

Power Plant that it submitted to LVI, SBMA refuses to identify any documents. Moreover, SBMA objects that Interrogatory No. 16 is overly broad, harassing, seeks irrelevant information and seeks proprietary information.

Interrogatory No. 16 seeks relevant documents. The numerous and specific representations contained in SBMA's 48-page proposal are at the center of Plaintiff's fraudulent inducement claim against SBMA. The documentation or lack thereof are important to LVI's ability to show that SBMA knew that the representations in the proposal were false and/or were made recklessly without regard for the truth.

Interrogatory No. 16 is limited to the specific representations contained in the proposal that SBMA sent to LVI; it is neither overly broad or harassing. See SBMA's interrogatory responses, which are fully incorporated herein and attached hereto as Exhibit "B" (SBMA's response to Interrogatory No. 16 is located on p. 8).

**d.    Interrogatory No. 18**

In response to Interrogatory No. 18, which requests that SBMA identify all members of your Frequent Buyer Program that SBMA contacted regarding the public auction that was to take place at the Holly Street Power Plant Decommissioning Project and identify the documents and information provided to those members regarding the public auction, SBMA referred LVI to at least 10 Microsoft Excel Spreadsheets that contained lists of individuals and entities that allegedly received marketing information from SBMA and objected that the interrogatory was overly broad, harassing and seeks confidential and proprietary information.

The Excel Spreadsheets do not identify which, if any, of the individuals and entities listed are members of SBMA's Frequent Buyer Program. The Frequent Buyer Program was one of the representations in the marketing section of SBMA's proposal to LVI. The size and make up of the Frequent Buyer Program is information that is important to LVI's fraudulent inducement claim against SBMA.

Interrogatory No. 18 refers to the specific Frequent Buyer Program SBMA referenced in its Proposal and seeks the names of the persons and entities SBMA allegedly contacted regarding the auction. This interrogatory is not overly broad or harassing and does not seek confidential or proprietary information. See SBMA's interrogatory responses, which are fully incorporated herein and attached hereto as Exhibit "B" (SBMA's response to Interrogatory No. 18 is located on p. 9).

4. Counsel for the parties have first conferred in a good faith attempt to resolve the matter by agreement. Despite representations that banking records would be forthcoming, SBMA has not produced any banking records.

WHEREFORE, PREMISES CONSIDERED, LVI prays that the Court enter an Order compelling SBMA to produce the requested discovery responses.

Respectfully submitted,

THOMAS, FELDMAN & WILSHUSEN, LLP


By:    /s/ Todd R. Nectoux
       Fred D. Wilshusen
       State Bar No. 21665590
       Todd R. Nectoux
       State Bar No. 24032899
9400 NCX Tower
9400 North Central Expressway, Suite 900
Dallas, TX  75231-5027
fwilshusen@tfandw.com
tnectoux@tfandw.com
Telephone:  (214) 369-3008
Telecopier:  (214) 369-8393

**ATTORNEYS FOR PLAINTIFF**
**LVI FACILITY SERVICES INC.**


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was provided to all counsel of record via electronic ECF filing on this the 14th day of April, 2014.


                              /s/ Todd R. Nectoux
                              Todd R. Nectoux


### CERTIFICATE OF CONFERENCE

Counsel for movant conferred with opposing counsel concerning the matters raised in this motion in an effort to resolve it without court action on 5th day of March, 2014 and on the 8th day of April, 2014.  An agreement could not be reached.


                              /s/ Todd R. Nectoux
                              Todd R. Nectoux


**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL – PAGE 6**