**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LVI FACILITY SERVICES, INC., | § | |
|      Plaintiff/Counter-Defendant, | § | |
| | § | |
| V. | § | A-12-CV-672-LY |
| | § | |
| WATSON ROAD HOLDING CORP. | § | |
| D/B/A STUART B. MILLNER & | § | |
| ASSOCIATES, | § | |
|      Defendant/Counter-Plaintiff. | § | |

## <u>ORDER</u>

Before the Court is Plaintiff/Counter-Defendant's Motion to Compel (Dkt. No. 56) and Defendant/Counter-Plaintiff's Response in Opposition (Dkt. No. 60). The District Court referred the above motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The undersigned held a hearing on the above-motion on May 6, 2014. Having reviewed the parties' arguments, the entire case file, and the applicable law, the Court hereby enters the following Order.

## I. BACKGROUND

A detailed factual background of this case was already set forth in a previous filing. Dkt. No. 39 at 1–3. Generally, this case arises out of a commercial dispute between Plaintiff/Counter-Defendant LVI Facility Services, Inc. ("LVI") and Defendant/Counter-Plaintiff Watson Road Holding Corp. d/b/a Stuart B. Millner & Associates ("SBMA"). The parties' business relationship stems from Austin Energy's decision in 2007 to shut down and decommission the Holly Street

Power Plant ("Holly Plant") in Austin, Texas. Dkt. No. 17, ¶ 5 [hereinafter Second Amended Compl.]. LVI's involvement with the project began when it entered into a subcontract with TRC Environmental Corporation ("TRC") to perform certain services in the dismantling of the Holly Plant. *Id.* ¶ 6. As part of LVI's compensation, TRC assigned to LVI the right to sell equipment and materials salvaged from the decommissioning of the power plant. *Id.* LVI contacted SBMA for assistance in selling reusable equipment from the Holly Plant, and on December 1, 2011, the parties entered into an Auction/Liquidation Contract ("Contract") under which SBMA agreed to help LVI sell reusable equipment and other assets from the Holly Street Power Plant. *Id.* ¶ 9. On March 13 and 14, 2012, SBMA conducted a live public auction in Travis County. *Id.* ¶ 15. However, as a result of disagreements over the proceeds from the sale as well as the parties' respective obligations under the Contract, no further sales occurred during the remainder of the contract period. *Id.*

SBMA previously filed a Motion to Dismiss seeking to dismiss the Second Amended Complaint for failure to state a claim and failure to plead fraud with particularity. Dkt. No. 22. The undersigned issued a Report and Recommendation recommending that some claims be dismissed, and others retained, which was adopted by the District Judge on December 4, 2013. *See* Dkt. Nos. 39, 50. As such, the remaining claims in this case are (1) breach of contract; (2) breach of fiduciary duties; (3) fraudulent inducement; and (4) negligent misrepresentation. Dkt. No. 50.

## II. ANALYSIS

At issue in this discovery dispute are two requests for production and three interrogatory responses. Generally, these discovery requests seek information and documents concerning two categories: (1) bank records regarding the proceeds generated from SBMA's sale of items from the

Holly Plant; and (2) all materials that support the representations made in SBMA's Asset Investment

Recovery & Total Plant Deactivation Proposal ("Proposal").

A.      **Discovery Related to Financial Records**

> **Request for Production No. 62: All material identifying the location of the proceeds SBMA received from the liquidation of the Assets.[1]**

> **Request for Production No. 64: All bank records including without limitation bank statements, deposit and withdrawal slips and checks regarding the proceeds SBMA received from the liquidation of the Assets.**

Request for Production Nos. 62 and 64 concern the financial records relating to the proceeds

SBMA garnered from its auction sale at the Holly Plant in March, 2012.  SBMA originally objected

to these requests as being "overly broad, unduly burdensome and calling for the production of

irrelevant information that is not likely to lead to the discovery of admissible evidence."  Dkt. No.

56, Exhibit A at 19.  LVI notes that documents identifying the location of the proceeds and the

associated bank records have not been produced, but are relevant to its breach of contract and breach

of fiduciary duty claims against SBMA.  At the hearing, LVI reiterated the relevance of the

information by pointing to the parties' contract, which stated that SBMA was required to place the

proceeds from the Holly Plant auction in a trust account.  Furthermore, LVI contends that SBMA,

as the administrator of that trust account, owed LVI certain fiduciary duties with regard to the

proceeds deposited into the account.  Consequently, LVI argues that it is entitled to discovery

showing how the proceeds obtained from the March 2012, Holly Plant auction were later used by

---

[1] "Assets" are defined in the discovery requests as "the items to be liquidated by SBMA pursuant to the December 1, 2011 Auction/Liquidation Contract between SBMA and LVI."  *See* Dkt. No. 56 at 2.

SBMA, and requests the Court to compel SBMA to produce bank records for the trust account from March 2012 through the present.

In response, SBMA submits that the company uses the same trust account for proceeds from all of its auctions, not just the Holly Plant auction. Dkt. No. 60 at 3. Therefore, requiring SBMA to provide bank records would disclose transactions that are completely unrelated to the Holly Plant auction. Moreover, given that SBMA uses one account for proceeds from all of its auction sales, it would be difficult to identify precisely which transactions related to the Holly Plant auction and which do not. At the hearing, SBMA also highlighted that it has supplemented its production to include a redacted copy of the March 2012 bank statement for the trust account. SBMA further stated that it has identified to LVI all deposit slips and invoices involving the proceeds from the Holly Plant auction. There does not appear to be any disagreement over the amount of gross proceeds from the auction in March 2012, and it is apparently undisputed that LVI has not received any portion of those proceeds. The dispute centers on whether LVI is entitled to any portion of those proceeds and consequently, whether it is entitled to information about how proceeds from the Holly Plant auction were subsequently used by SBMA. As noted by SBMA at the hearing, its position is that LVI breached the contract first and thus, was not entitled to any portion of the proceeds from the auction.

The Court concludes that the bank records are discoverable. Bank records reflecting deposits of proceeds from the auction are certainly relevant to determining whether SBMA complied with its contractual obligations concerning those proceeds. Additionally, how the proceeds were later used by SBMA is relevant to whether SBMA breached any fiduciary duty it owed to LVI in administering the trust account. SBMA is not permitted to withhold this information simply because it believes

that LVI breached the contract first.  (That issue will ultimately be decided by the trier of fact, and in compelling SBMA to produce the bank records the Court expresses no opinion on the breach of contract claim.)   Accordingly, the Court **GRANTS** LVI's Motion to Compel (Dkt. No. 56) with regard to its Request for Production Nos. 62 and 64.  SBMA is **ORDERED** to provide LVI with an accounting report regarding the proceeds from the Holly Plant auction in March 2012.  The accounting shall reflect all monies received at the auction, and all fees, charges, or other deductions SBMA made against the proceeds.  Further, SBMA shall produce all bank records in which either a deposit of proceeds from the Holly Plant auction or a transfer of those proceeds out of the account is reflected.  SBMA may redact from any bank statements entries that are unrelated to the Holly Plant proceeds or related deductions.

### B.   Discovery Related to SBMA's Proposal

**Interrogatory No. 1: Identify the bank(s) and the bank account(s) in which the proceeds from the liquidation of Assets have been kept from April 2012 to the present.**

**Interrogatory No. 16: Please identify all documents that SBMA relied upon to prepare the 48-page Asset Investment Recovery & Total Plant Deactivation Proposal for the Holly Street Power Plant that it submitted to LVI.**

**Interrogatory No. 18: Please identify all members of your Frequent Buyer Program that SBMA contacted regarding the public auction to take place at the Project and identify the documents and information provided to those members regarding the public auction.**

The three Interrogatories at issue seek information regarding (1) the bank account in which proceeds from the Holly Plant auction were deposited; (2) documents relied upon by SBMA in preparing the Proposal submitted to LVI; and (3) members of SBMA's Frequent Buyer Program. As an initial matter, the Court notes that during the hearing, the parties came to an agreement with regard to Interrogatory Nos. 1 and 18.  LVI stated that it had been made aware of the full account

number for the bank account in which proceeds from the Holly Plant auction were deposited.  SBMA further represented that it will provide LVI a list of all members in its Platinum Elite Frequent Buy Program, but noted that it would not be able to identify which buyers were members at the time of the Holly Plant auction in March 2012.  When questioned by the Court regarding SBMA's intent to supplement its response to Interrogatory No. 18, LVI indicated that the supplement would be satisfactory.  As such, the Court will **DENY AS MOOT** LVI's Motion to Compel with regard to Interrogatory Nos. 1 and 18.

Interrogatory No. 16 asks for all documents relied upon by SBMA to prepare the Proposal.  LVI argues that such materials are relevant for its fraudulent inducement and negligent misrepresentation claims.  In response, SBMA contends that (1) there are countless representations made in the Proposal that would render production of all documents relied upon overly burdensome, and (2) LVI's discovery request is outside the scope of its pleadings.  SBMA asserts that it has already produced all documents associated with the representation that proceeds from the Holly Plant auction would generate over $1,000,000.00 in proceeds, which was listed in LVI's Second Amended Complaint in relation to its fraudulent inducement and negligent misrepresentation claims.

On the latter argument, the Court notes that representations regarding the value of proceeds that would be generated by the Holly Plant project were not the only representations made by SBMA in the course of the parties' discussions.  For example, during the hearing, LVI directed the Court's attention to Paragraph 10 of its Second Amended Complaint, which lists numerous additional representations it claims were made by SBMA.  LVI also stated that many of the factual representations on which it was seeking documentary support were representations made in the "About Us" section of the Proposal.  Furthermore, "discovery is not limited to issues raised by the

6

pleadings," but is "designed to help define and clarify the issues." *Sw. Hide Co. v. Goldston*, 127 F.R.D. 481, 483 (N.D. Tex. 1989). Here, LVI is not attempting to seek discovery on clearly irrelevant information. Rather, it is seeking documentary support for representations contained in the Proposal that it reviewed prior to entering into a contract with SBMA. As such, the Court declines to adopt SBMA's argument that LVI's discovery request is outside the scope of its pleadings and will **GRANT** LVI's Motion to Compel with regard to Interrogatory No. 16.

However, the Court recognizes that the Proposal contains numerous representations and that to order identification of all documentary evidence supporting those representations would be overly burdensome. In addition, it is also clear that some of the statements for which LVI seeks documentary support are not *factual* statements, but marketing statements that are used to promote SBMA's business. Therefore, having reviewed the Proposal as well as LVI's Second Amended Complaint and given LVI's representations at the hearing, the Court will limit the scope of LVI's Interrogatory No. 16 to include only those factual representations listed herein. To avoid further dispute between the parties and to clarify any ambiguities, SBMA shall produce any documents in its possession that support the following statements:

- All statements listed on Page 7 of the Proposal;

- From Page 8 of the Proposal: "SBMA is an organization that has successfully completed over 1,000 plan closures in the US, Canada, Mexico, South Africa, Europe, and the Middle East";

- From Page 9 of the Proposal: "SBMA's TPD/PPD Program was created 15 years ago and has been implemented in one form or another in over 1000 plus plants worldwide";

- From ¶ 10(i) of LVI's Second Amended Complaint (Dkt. No. 17): "[SBMA] has over 1,500 proven industrial auction/liquidation buyers in its Frequent Buyer program."[2]

If SBMA does not have in its possession documents supporting a particular representation, it should state so. Limiting discovery in this manner focuses LVI's inquiry on the factual representations made by SBMA in its Proposal without imposing an unreasonable burden upon SBMA. SBMA's revised response to Interrogatory No. 16 shall be submitted to SBMA on or before May 31, 2014.

### III.  CONCLUSION

In accordance with the foregoing discussion, LVI's Motion to Compel (Dkt. No. 56) is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. LVI shall produce the responsive documents and revise the pertinent discovery responses on or before May 31, 2014.

SIGNED this 15th day of May, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has considered all of the alleged misrepresentations listed by LVI in ¶¶ 10, 30, and 41 of its Second Amended Complaint. Dkt. No. 17. The Court has chosen not to list any representation it found (1) not to be factual in nature or (2) had already been subsumed within requests based on the Proposal.